OPINION
{¶ 1} On June 11, 2003, appellant, Robert Penix, was charged with one count of vehicular manslaughter in violation of R.C.2903.06(A)(4), one count of vehicular homicide in violation of R.C. 2903.06(A)(3) and one count of violating pedestrian control signals in violation of R.C. 4511.14. Said charges arose from the death of Louis Polen, struck by a bus operated by appellant in his capacity as a bus driver for Stark Area Regional Transit Authority (hereinafter "SARTA").
 {¶ 2} A jury trial commenced on October 17, 2003. The jury found appellant guilty of the vehicular manslaughter charge, and the trial court found appellant guilty of violating the pedestrian control signals. The jury found appellant not guilty of vehicular homicide. By judgment entry filed October 20, 2003, the trial court sentenced appellant to ninety days of house arrest, and ordered him to perform two hundred hours of community service and pay fines and costs.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court committed error when it allowed the prosecutor to use photographic material never intended for admission at trial."
 II {¶ 5} "The trial court erred when it failed to instruct the jury on pedestrian responsibility as set forth in O.R.C.4511.48."
 I {¶ 6} Appellant claims the trial court erred in permitting the prosecutor to show a photograph of the victim which was not admitted into evidence. We disagree.
 {¶ 7} Pursuant to the prosecutor's closing argument, the prosecutor apparently showed the jury a photograph of Mr. Polen during opening statement and closing argument:
 {¶ 8} "Now as we've already talked about, (inaudible) Polen is no longer with us and I showed you these pictures this morning, and I'll show you again, this gives you an idea of what he looked like because you don't get to hear him come up here and testify and you don't get to hear him tell you his side of the story." T. at 14.
 {¶ 9} Appellant argues the showing of the photograph "was to inflame the jury, induce `victim' sympathy and circumvent adherence to the law." Appellant's Brief at 5.
 {¶ 10} Without benefit of seeing the photograph, we assume from the context of the prosecutor's closing argument cited supra, the photograph in question was a standard photograph of Mr. Polen taken sometime prior to the accident. Admitted into evidence were pictures of the accident scene, including a photograph of Mr. Polen on the ground being attended to by paramedics beside the front of the bus. Plaintiff's Exhibit 24. We cannot see how the complained of photograph was prejudicial given the photographs admitted into evidence.
 {¶ 11} In addition, prior to closing argument, the trial court instructed the jury as follows:
 {¶ 12} "The evidence does not include the complaint, voir dire, opening statements or closing arguments of the attorneys. The opening statements and closing arguments are designed merely to assist you in understanding the evidence and the law." T. at 8.
 {¶ 13} Upon review, we find the trial court did not err in permitting the prosecutor to show the complained of photograph during opening statement and closing argument.
 {¶ 14} Assignment of Error I is denied.
 II {¶ 15} Appellant claims the trial court erred in failing to give an instruction on pedestrian responsibility. We disagree.
 {¶ 16} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993),90 Ohio App.3d 338. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. State v. Coleman
(1988), 37 Ohio St.3d 286.
 {¶ 17} On October 17, 2003, appellant requested the following jury instruction:
 {¶ 18} "There has been testimony and/or evidence offered that may indicate that the decedent may have been outside the crosswalk at the time of the accident. If that is your finding then every pedestrian crossing a roadway at any point other than within a marked crosswalk at an intersection shall yield the right of way to all vehicles."
 {¶ 19} There were four independent witnesses to the accident. Each one claimed Mr. Polen was in the crosswalk with the light in his favor, and there were no parked vehicles obstructing Mr. Polen's path or appellant's view of the intersection. T. at 6, 15-16, 23, 26, 33.
 {¶ 20} Appellant testified the last time he observed Mr. Polen was after he exited the bus, walked up to the corner and turned right around a building. T. at 79. Appellant never saw Mr. Polen again until after the accident. T. at 80, 85. Appellant stated a parked red vehicle obstructed his view of any pedestrians and the crosswalk. T. at 79, 88. None of the independent witnesses stated they observed this parked vehicle.
 {¶ 21} In lieu of appellant's requested instruction, the trial court charged the jury as follows:
 {¶ 22} "Before you can find the accused guilty, — excuse me — before you can find that the accused was committing vehicular manslaughter, you must find that the accused failed to yield the right of way to a pedestrian facing a control signal indicating that he may proceed across the roadway in the direction of the signal and shall be given the right of way by the operators of all vehicles." T. at 38.
 {¶ 23} All the witnesses opined Mr. Polen was in the crosswalk. Therefore, despite appellant's self-serving testimony that his view was somehow obstructed, we find with the quality of evidence presented, the trial court did not err in refusing to read the requested jury instruction.
 {¶ 24} Assignment of Error II is denied.
 {¶ 25} The judgment of the Canton Municipal Court of Stark County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Canton Municipal Court of Stark County, Ohio is affirmed.